Memorandum. Plaintiffs’ verified complaint, unsupported by affidavit of the evidentiary facts, barely intimates that defendant (in breach of trust abetted by false representations of the upshot of negotiations conducted on behalf of plaintiffs) traded plaintiffs’ rights and assets for benefits defendant received from Katy Industries, Inc. Thus there was a double failure, inadequacy in the pleading allegations, and absence of evidentiary facts in a supporting affidavit. A proper complaint and supporting affidavit might have raised both a cause of action and issue of fact which would not be negated by the letter agreement signed by both parties. The letter on its face states plainly that defendant was to receive Duplan stock from Katy Industries, Inc. Only in the lawyer’s brief, and then only in conclusory form, does plaintiffs’ real claim appear. That is not enough. In this state of the record, the courts below could hold no differently than they did, although they might have, in the exercise of discretion, permitted plaintiffs to replead and to supply a sufficient affidavit.
*788 Accordingly, the order of the Appellate Division should be affirmed, with costs to defendant-respondent, but with leave to plaintiffs to apply at Special Term, within 20 days after service of the order herein with notice of entry, for such relief as Special Term in its discretion may be prevailed upon to accord, provided the application has submitted with it a proper proposed complaint with affidavit of evidentiary facts setting forth a valid claim against defendant. (See 4 Weinstein-Korn-Miller, 1ST. Y. Civ. Prac., pars. 3211.39-3211.40a; see, also, former Civ. Prac. Act, § 283; Cohen and Karger, Powers of the New York Court of Appeals, p. 646.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur.
Order affirmed, with costs to defendant-respondent, but with leave to plaintiffs to apply to Special Term for relief in accordance with the memorandum herein.